**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BUBBA'S BAR-B-Q OVEN,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.                                                                                  No. 98-1029

THE HOLLAND COMPANY,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-96-153-F(3)-7)

Argued: January 27, 1999

Decided: April 5, 1999

Before ERVIN, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Clifford Ted Hunt, Charlotte, North Carolina, for Appel-
lant. John R. Long, NEWSOM, GRAHAM, HEDRICK & KENNON,
P.A., Durham, North Carolina, for Appellee. **ON BRIEF:** Thomas H.
Lee, Jr., NEWSOM, GRAHAM, HEDRICK & KENNON, P.A., Dur-
ham, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bubba's Bar-B-Q Oven, Inc. ("Bubba"), sought a declaratory judg-
ment in the district court that its gas-fired barbecue grill (the "Bubba
Oven") did not infringe the trade dress[1] of the gas-fired barbecue grill
(the "Holland Grill") manufactured by The Holland Company, Inc.
("Holland"). Holland counterclaimed, alleging trade dress infringement[2]
and unfair competition, in violation of Section 43(a) of the Lanham
Act, 15 U.S.C. § 1125(a), as well as violations of North Carolina stat-
utory and common law.

At trial before the court, Bubba conceded the lack of any factual
or legal basis for its declaratory judgment claim and stipulated that
the Bubba Oven infringed the trade dress of the Holland Grill. Hol-
land therefore prevailed at trial on both Bubba's declaratory judgment
claim and its own counterclaim. Among other forms of relief, the dis-
trict court awarded Holland its attorneys' fees. Bubba now appeals the
district court's award of attorneys' fees, arguing that the fee award is
not authorized by Section 35(a) of the Lanham Act. [3] Because we find
the award to be legally sound, and there being no abuse of discretion,
we affirm.

_____

[1] "`Trade dress' involves the total image of a product, and may include
features such as size, shape, color or color combinations, texture, graph-
ics, or even particular sales techniques." Two Pesos, Inc. v. Taco
Cabana, Inc., 505 U.S. 763, 764 n.1 (1992).
[2] In order to succeed on a claim of trade dress infringement, a party
must prove three elements: (1) the trade dress is primarily non-
functional; (2) the trade dress is inherently distinctive or has acquired a
secondary meaning; and (3) the alleged infringement creates a likelihood
of confusion. Tools USA & Equip. Co. v. Champ Frame Straightening
Equip., Inc., 87 F.3d 654, 657 (4th Cir. 1996).
[3] In "exceptional cases," the court may award reasonable attorney fees
to the prevailing party. 15 U.S.C. § 1117(a).

I.

Since 1989, Holland has been producing a gas-fired barbecue grill under the trademark THE HOLLAND GRILL. The Holland Grill possesses several distinctive physical characteristics that contribute to its overall image and appearance. Holland has successfully marketed the Holland Grill, expanding unit sales and profits dramatically from 1989 to 1996.

In the summer of 1996, Holland discovered that Bubba was marketing a gas-fired barbecue grill that was essentially identical in appearance to the Holland Grill. Upon its discovery of the identical product, Holland contacted Bubba and demanded that Bubba cease its marketing of the Bubba Oven. Bubba responded to Holland's demand by filing a lawsuit in the Eastern District of North Carolina, from which this appeal arises.

During discovery prior to the non-jury trial, Bubba repeatedly refused to admit that its product caused a likelihood of confusion or that the Holland Grill had acquired secondary meaning. See note 2, supra. Bubba's consistent refusal to admit the existence of these elements forced Holland to engage in extensive pretrial preparation and to develop evidence on these issues.

Despite its consistent denials in the pretrial proceedings, Bubba altered its position at trial and stipulated that it possessed no evidence regarding confusion or secondary meaning. Bubba further stipulated that the Bubba Oven infringed the trade dress of the Holland Grill. The district court found Bubba liable for trade dress infringement and ordered Bubba to pay Holland $3,000 in compensatory damages.

After the entry of judgment in its favor, Holland moved for an award of its attorneys' fees. The district court, finding that "Bubba deliberately, intentionally, and willfully copied the Holland Grill and its trade dress in designing and manufacturing the Bubba Oven," concluded that Holland was entitled to recover the attorneys' fees incurred in litigating the elements of secondary meaning and confusion. Consequently, the district court awarded Holland $138,876.00, an amount representing two-thirds of Holland's total fee request.

3

II.

On appeal, Bubba argues that the trial court abused its discretion in granting Holland a portion of its attorneys' fees. First, Bubba maintains that, because Holland was not a prevailing defendant in Bubba's declaratory judgment action, the district court could not base its award on the more lenient standard applicable to prevailing defendants. Second, although Bubba concedes that Holland was the prevailing plaintiff in its trade dress infringement countersuit, Bubba asserts that the award of attorneys' fees was an abuse of the district court's discretion because the court did not specifically find that Bubba had acted in "bad faith."

We review the district court's decision regarding a Lanham Act attorneys' fee application for abuse of discretion. Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 108 n.6 (4th Cir. 1991). When a violation of Section 43(a) of the Lanham Act has been established, the court may award the prevailing plaintiff damages and the costs of the action. 15 U.S.C. § 1117(a). Where the court deems the case to be "exceptional," it may also award the prevailing party reasonable attorneys' fees. Id. In determining what constitutes an exceptional case--and who may be classified as a "prevailing party"--we have differentiated between prevailing plaintiffs and prevailing defendants. Scotch Whisky Ass'n v. Majestic Distilling Co., 958 F.2d 594, 599 (4th Cir. 1992). Where the plaintiff prevails, we require a demonstration of bad faith on the part of the defendant before allowing the plaintiff to recover its attorneys' fees. Id. On the other hand, we have allowed a prevailing defendant to recover reasonable attorneys' fees upon a showing of "something less" than bad faith on the part of the plaintiff. Id.**4**

While it may be unnecessary for a prevailing defendant to prove

_____

**4** This "dual standard" may have been called into doubt by Fogerty v. Fantasy, Inc., 510 U.S. 517, 523-26 (1994). An identical standard, whether it be bad faith or something less, may be required for both prevailing defendants and prevailing plaintiffs in Lanham Act cases. Because the specific factual findings of the district court clearly rise to the higher standard of bad faith, we need not address the potential impact of Fogerty upon the dual standard enunciated in Scotch Whisky, Ass'n.

4

bad faith, the Act's legislative history makes it clear that for a prevailing plaintiff to succeed in a request for attorneys' fees, the plaintiff must show that the defendant acted in bad faith. Id.

> Effective enforcement of trademark rights is left to the trademark owners and they should, in the interest of preventing purchaser confusion, be encouraged to enforce trademark rights. It would be unconscionable not to provide a complete remedy including attorneys fees for acts which courts have characterized as malicious, fraudulent, deliberate and willful.

S. Rep. No. 93-1400 (1978), reprinted in 1978 U.S.C.C.A.N. 7132, 7136.

In the present case, the district court properly found that Holland was both a prevailing defendant (on Bubba's declaratory judgment claim) and a prevailing plaintiff (on its own infringement claim). While the district court did not specify upon which standard--bad faith or something less--it based its award of attorneys' fees, it did make specific findings of fact, including: (1) Bubba was not engaged in any aspect of marketing or selling barbecue grills before it introduced the Bubba Oven; (2) Bubba was aware of the Holland Grill, Holland's patent, and Holland's trademark before Bubba began manufacturing the Bubba Oven; (3) The Bubba Oven is essentially identical in appearance to the Holland Grill and uses the trade dress of the Holland Grill without authorization or acquiescence; and (4) Bubba deliberately, intentionally, and willfully copied the Holland Grill and its trade dress in designing and manufacturing the Bubba Oven.[5]

Although the district court did not use the specific terminology "bad faith" in its opinion, it is clear beyond peradventure that the court made such a finding. The district court's finding of bad faith is amply supported by the record. Bubba's actions, as characterized by

_____

[5] Indeed, Bubba candidly admits that it purchased a model of the Holland Grill and shipped it to the Czech Republic with instructions for the Czech manufacturer to copy it.

5

the district court, are the type of malicious, fraudulent, deliberate, and willful actions that Congress intended the Lanham Act to redress.**6**

Bubba admitted in pleadings filed with the district court, and again before this Court, that it deliberately copied the design and salient features of the Holland Grill, and that it did so because it knew the Holland Grill was a commercial success. By closely copying the trade dress of the Holland Grill, Bubba admittedly hoped to cash in on Holland's success and "jump-start" its own sales. When Holland demanded that Bubba cease its infringing conduct, Bubba responded by hauling Holland into court. Throughout the course of pretrial discovery, Bubba stated its intent to defend on all elements of Holland's infringement countersuit. As a result, Holland was required to develop evidence and prepare for trial on all elements of a trade dress infringement suit, including likelihood of confusion and secondary meaning. On the day of trial, however, Bubba unconditionally surrendered, stipulating both that it possessed no evidence to contest these issues and that its product infringed the Holland Grill's trade dress.

III.

The district court was well within its discretion to find as it did, and those findings reflect its considered conclusion that Bubba's conduct rose to the level of bad faith, thereby qualifying this case as "exceptional" and warranting the award of attorneys' fees. Accordingly, the district court's award of attorneys' fees to Holland and against Bubba under Section 35(a) of the Lanham Act is affirmed.

AFFIRMED

_____

**6** **See Quality Inns Int'l, Inc. v. McDonald's Corp.**, 695 F. Supp. 198, 222 (D. Md. 1988), which recognized that, although some cases have held Section 35(a) of the Lanham Act as requiring some form of fraudulent conduct, while other cases have noted that the conduct need only be deliberate and willful, the issue remains one of discretion based on all the circumstances before the court. See also Brittingham v. Jenkins, Nos. 95-1277, 95-1792, 1992 WL 172092 (4th Cir. July 23, 1992) (affirming an award of attorneys' fees where the district court found a "deliberate and willful pattern of conduct." Id. at *5).